IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Colin Winston Welch, ) | C/A No.: 3:13-3488-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Eaton Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the motion of Eaton Corporation ("Defendant") to compel Colin Winston Welch ("Plaintiff") to produce complete responses, including responsive documents, to Defendant's First Set of Interrogatories and First Requests for Production and for sanctions. [Entry #17]. For the reasons that follow, the undersigned grants Defendant's motion to compel and for sanctions and directs Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute.

I.     Background

Defendant served its First Set of Interrogatories and First Set of Requests for Production to Plaintiff on January 6, 2014. [Entry #12]. Thereafter, the parties agreed to an extension until April 1, 2014, for Plaintiff to respond to the discovery requests. *Id*. When Defendant failed to receive timely responses from Plaintiff, it filed a motion to compel on April 7, 2014. *Id*. The undersigned granted Defendant's motion and ordered Plaintiff to serve responses to Defendant's discovery requests by April 21, 2014. [Entry #13].

Although Plaintiff served written responses to Defendant's discovery requests on April 21, 2014, he did not produce any of the documents identified as responsive in his responses to Defendant's First Requests for Production. [Entry #17-1]. According to Defendant's motion, Plaintiff also declined to provide a complete answer to Interrogatory No. 11, which requested information regarding his employment and earnings after his termination from Defendant, on the grounds that it was confidential. [Entry #17]. Defense counsel thereafter corresponded with Plaintiff's counsel to arrange for Plaintiff's document production and reminded Plaintiff's counsel that the court had previously entered a confidentiality order. [Entry #17-2]. Plaintiff filed no response to Defendant's motion to compel and for sanctions and does not appear to dispute the allegations therein.

Defendant requests that the court order Plaintiff to produce all responsive documents to Defendant and to provide a complete answer to Interrogatory No. 11. [Entry #17]. In addition, Defendant requests that the court order Plaintiff to pay Defendant's reasonable attorneys' fees and expenses incurred in making the prior motion to compel and the instant motion as sanctions for his failure to cooperate in discovery. *Id*. Plaintiff's motion to compel and for sanctions is granted. Plaintiff is directed to produce all responsive documents and to provide a complete answer to Interrogatory No. 11 by June 6, 2014. Defendant is directed to file an affidavit on the record setting out the time expended in connection with filing the prior motion to compel and present motion and with drafting the correspondence related to the overdue discovery. The affidavit should also provide the

hourly billable rate for the work, as well as any incidental expenses related to Plaintiff's failure to cooperate in discovery.

Additionally, Plaintiff is directed to show cause by June 12, 2014, why this case should not be dismissed for failure to prosecute. Plaintiff's failure to respond in writing will result in the undersigned's recommending this matter be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

June 2, 2014                                               Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge